IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH MUSACHIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-13-1163 |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Union Pacific Railroad Company's Motion for Summary Judgment (Document No. 27). In Plaintiff's Response to Defendant's Motion for Summary Judgment (Document No. 34), Plaintiff requests this case be remanded to state court if summary judgment is denied.[1] Having considered the motion, submissions, and applicable law, the Court determines the motion for summary judgment should be denied and the case should be remanded.

---

[1] *Plaintiff's Response to Defendant's Motion for Summary Judgment*, Document No. 34 at 4 & n.3. Because of this request, along with the facts that Musachia timely motioned for remand and that he has continued to consistently assert remand is appropriate even after remand was previously denied by this Court, the Court finds Musachia did not waive objection to removal, and the Court is not considering remand *sua sponte*. *See Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th Cir. 1987).

1

## I. BACKGROUND

This case involves the termination of a railroad employee. The issue in this case is whether the facts give rise to a claim under section 60 of the Federal Employers Liability Act ("FELA § 60") or the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (the "RLA").

Plaintiff Joseph Musachia ("Musachia") is a former employee of Defendant Union Pacific Railroad Company ("Union Pacific"). In 2007, Geronimo Gutierrez ("Gutierrez"), a co-worker of Musachia and employee of Union Pacific, suffered an injury on Union Pacific's railyard and soon thereafter died. Gutierrez's widow sued Union Pacific under FELA for damages related to her late husband's injury and death ("Gonzalez's FELA case"). In June 2012, Gutierrez gave deposition testimony and trial testimony in Gonzalez's FELA case regarding events in the railyard near or on the date Guitierrez was injured.[2] In October 2012, Union Pacific instituted an investigation into whether Gutierrez's testimony was dishonest. After investigating and holding an investigation hearing, Union Pacific terminated Musachia's employment on December 14, 2012.

On March 19, 2013, Musachia filed a petition against Union Pacific in the 234th Judicial District Court of Harris County, Texas, alleging Union Pacific violated

---

[2] The parties dispute the exact content of Musachia's testimony.

FELA § 60 by discharging him in retaliation for his testimony in Gonzalez's FELA case. On April 24, 2013, Union Pacific removed the case to this Court on the basis of federal question jurisdiction, alleging Musachia mislabeled his claim as arising under FELA § 60 when his claim truly arises under the RLA. Musachia motioned for remand because FELA § 60 cases are nonremovable. Both parties agreed that if the case arises under FELA § 60, remand was required; but if the case arises under the RLA, remand should have been denied. On July 1, 2013, the Court denied remand.

On April 1, 2014, Union Pacific moved for summary judgment, arguing the case should be dismissed because RLA cases are preempted by grievance procedures that are appealed via arbitration. Musachia opposes dismissal on summary judgment, arguing the case arises under FELA § 60, not the RLA, and thus should be remanded. The parties agree the issue that governs the motion for summary judgment is the same issue that governed the motion to remand. Accordingly, the parties agree the Court has only two options: if the Court finds the case arises under the RLA, the Court should grant summary judgment because RLA cases are preempted; or, if the Court finds the case arises under FELA § 60, the Court should remand because FELA § 60 cases are nonremovable.

## II. LAW & ANALYSIS

FELA § 60 provides,

> Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished . . . .

45 U.S.C. § 60. In other words, FELA § 60 "forbids a railroad to retaliate against an employee who helps or testifies for a co-worker in the co-worker's FELA claim." *Mayon v. S. Pac. Transp. Co.*, 805 F.2d 1250, 1253 (5th Cir. 1986) (emphasis omitted); *see also Hendley v. Cent. of Georgia R.R. Co.*, 609 F.2d 1146, 1150–51 (5th Cir. 1980). Thus, an employee who helps or testifies for a co-worker in the co-worker's FELA claim "may have a cause of action under [FELA] § 60 for retaliatory discharge." *Mayon*, 805 F.2d at 1253. Under FELA § 60, a court may issue an injunction to prevent ongoing violations of FELA § 60. *Hendley*, 609 F.2d at 1150, 1152–53 & n.5; *see also Gonzalez v. S. Pac. Transp. Co.*, 773 F.2d 637, 641, 643–45 (5th Cir. 1985). The denial of backpay after the conclusion of a disciplinary hearing that resulted in termination constitutes an ongoing violation of FELA § 60 for which a court may issue an injunction. *Hendley*, 609 F.2d at 1149–50, 1153 & n.5

("Although the disciplinary proceeding itself has been concluded, the unlawful effects of the proceeding have not. The continued denial of back pay for the year that [the plaintiff] was unemployed is a present unlawful interference with [the plaintiff's] right of employment, and constitutes a continuing violation of [FELA §] 60."); *accord Gonzalez*, 773 F.2d at 640.

The RLA requires railroad employees to attempt to settle all "minor disputes" through grievance procedures and then allows appeal via arbitration before an administrative board. *Hendley*, 609 F.2d at 1150, 1153. "Minor disputes are those disputes which concern the application or interpretation of existing collective bargaining contracts." *Id.* Therefore, the question of whether a particular disciplinary hearing violated FELA § 60 should be resolved by the courts, whereas the question of whether a particular disciplinary hearing violated a collective bargaining agreement should be resolved by the grievance procedures and arbitration. *Hendley*, 609 F.2d at 1151; *see also Gonzalez*, 773 F.2d at 643–45.

Thus, the Court must determine whether the facts in this case give rise to a claim under FELA § 60 or the RLA. In his petition, Musachia alleges Union Pacific "initiated and imposed disciplinary action against him in illegal retaliation for [Musachia's] engagement in the protected activity of providing information to persons [in] interest in the context of an injured co-employee's cause of action under

[FELA], which such retaliation violated and continues to violate [FELA § 60]."[3] Specifically, Musachia alleges Union Pacific terminated him because he gave deposition and trial testimony in his co-worker, Gutierrez's, FELA case.[4] This is exactly the type of conduct that FELA § 60 forbids—FELA § 60 "forbids a railroad to retaliate against an employee who helps or testifies for a co-worker in the co-worker's FELA claim." *Mayon*, 805 F.2d at 1253. Further, Musachia seeks injunctive relief that includes reinstating his employment and clearing his disciplinary record of reference to any charges, and he seeks "restitutionary relief comprising all lost wages."[5] Union Pacific's continued denial of employment and backpay constitutes an ongoing violation of FELA § 60 for which a court may issue an injunction. *See Hendley*, 609 F.2d at 1149–50, 1153 & n.5.

Union Pacific claims Musachia's cause of action is mislabeled, and this case truly arises under the RLA, because it is a wrongful discharge claim that concerns the application of a collective bargaining contract. Although Musachia asserts Union Pacific violated the collective bargaining agreement between the parties by bringing

---

[3] *Notice of Removal*, Document No. 1, Exhibit 4 at 5 (*Plaintiffs' Original and Verified Petition*) [hereinafter *Petition*].

[4] *Petition*, *supra* note 3, at 5–8.

[5] *Petition*, *supra* note 3, at 9–10.

6

disciplinary charges too late after discovering Musachia's alleged misconduct,[6] Musachia claims this "procedural irregularity," along with other procedural irregularities, "permit[ ] the inference that the legitimate business reason given by [United Pacific] for its disciplinary action against [Musachia] was really a pretext for an impermissible discriminatory and/or retaliatory motive."[7] Thus, Musachia's reason for asserting violation of the collective bargaining agreement is to support or provide evidence of retaliation. The true dispute is whether Union Pacific's motive to terminate Musachia was retaliatory, not whether his termination violated the collective bargaining agreement.[8] Accordingly, the Court finds Musachia's claim for injunctive relief arises under FELA § 60, not the RLA. Because this is not an RLA case, the case is not preempted, and summary judgment is denied.

Both parties agree that claims under FELA § 60 originally filed in state court cannot be removed to federal court. *See* 28 U.S.C. § 1445(a) (prohibiting removal of

---

[6] *Petition, supra* note 3, at 7; *Plaintiff's Response to Defendant's Motion for Summary Judgment*, Document No. 34 at 10.

[7] *Plaintiff's Response to Defendant's Motion for Summary Judgment*, Document No. 34 at 10, 18; *see also Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment*, Document No. 36 at 1–2.

[8] Union Pacific alleges Musachia provided false testimony inp Gutierrez's FELA case. "[T]he furnishing of information known to be false, with deliberate deceptive intent," is not protected by FELA § 60. *Gonzalez*, 773 F.2d at 640. However, whether the information is false is an issue of fact to be decided by the courts. *Id.* at 639–40, 644. Even if an arbitrator concluded Musachia provided false testimony, the arbitrator's conclusion would neither moot nor estop Musachia's FELA § 60 claim in court. *Id.* at 639.

any civil action against a railroad arising under 45 U.S.C. § 60). Because this case arises under FELA § 60 and was originally filed in state court, the case is remanded.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Union Pacific Railroad Company's Motion for Summary Judgment (Document No. 27) is **DENIED**. The Court further

**ORDERS** that this case is **REMANDED** to the 234th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas, on this __12__ day of June, 2014.

_____
DAVID HITTNER
United States District Judge